UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

WILLIAM THOMAS,              )
                             )
   Plaintiff,                )
                             )
   v.                        )          12-CV-3354
                             )
WARDEN GUY PIERCE,           )
DR. OBAISI, and              )
LISA LERCHER,                )
                             )
   Defendants.               )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, filed this case while incarcerated in Logan Correctional Center, alleging that Defendants refused to treat his painful hernia and "bent spine." He has since been released from prison. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim

1

that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he has a painful hernia and a "bent spine." Plaintiff had been scheduled for hernia surgery a few days before his incarceration, but his incarceration prevented him from going through with the surgery.

Plaintiff allegedly told Defendant Dr. Obaisi that Plaintiff was experiencing excruciating pain while walking , sleeping, and defecating. Dr. Obaisi refused to do anything other than prescribe pain relievers, telling Plaintiff that the State was too strapped financially and that Plaintiff's release date would not allow enough time for Plaintiff to see an outside surgeon.

ANALYSIS

Plaintiff states an arguable Eighth Amendment claim against Dr. Obaisi for deliberate indifference to Plaintiff's serious medical needs. "[D]eliberate indifference to prolonged, unnecessary pain can . . . be the basis for an Eighth Amendment claim . . . 'The length of the delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.'" Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012)(quoted cite omitted).

However, no plausible inference arises that Defendant Lercher, the health care administrator, or Warden Pierce were personally responsible for Plaintiff's lack of treatment. Defendants without medical training are generally entitled to and must rely on the medical professionals to diagnose and treat an inmate's medical conditions. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). Additionally, an individual must be personally responsible for the alleged constitutional violation to be held liable. The facts alleged do not plausibly

suggest that Defendants Lercher or Pierce played any part in the denial of medical care.  See <u>Kuhn v. Goodlaw</u>, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility"); <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

IT IS THEREFORE ORDERED:

1. The merit review scheduled for February 25, 2013, is cancelled.
2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Dr. Obaisi for deliberate indifference to Plaintiff's serious medical needs.  This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.
3. Defendants Lercher and Pierce are dismissed and terminated.
4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and

Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

9. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 29, 2013 at 1:30 p.m., or as soon as

the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

11. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address. Plaintiff shall also notify the Court of a phone number where he can be reached, at least 14 days before the conference scheduled for April 29, 2013. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:  February 12, 2013

FOR THE COURT:

                        **s/Sue E. Myerscough**
                        SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE